

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2008

# USA v. Esquivel-Corona

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5258

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Esquivel-Corona" (2008). *2008 Decisions*. Paper 1755.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1755

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5258

UNITED STATES OF AMERICA

v.

GABRIELE ESQUIVEL-CORONA
a/k/a JOSE

Gabriele Esquivel-Corona,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 05-cr-00259-3
District Judge: Honorable Jerome B. Simandle

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 5, 2007

Before:  SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*.

(Filed: January 14, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Gabriele Esquivel-Corona appeals his criminal sentence and conviction. We will affirm. [1]

Esquivel-Corona pled guilty to a two-count indictment charging knowing and intended conspiracy to distribute and possession with intent to distribute five hundred or more grams of cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(B) and to possession of a firearm during and in relation to a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A). Refusing the Government's proposed plea agreement, Esquivel-Corona chose instead to enter an open plea of guilty.

At sentencing, defense counsel objected to a two-level guideline enhancement based on the inclusion of certain drugs in the calculation of the offense level. The District Court agreed, reducing the offense level by two. Defense counsel requested a sentence of 117 months at the bottom of the guideline range. The Government requested a sentence of 131 months at the top of the range. The District Court imposed a sentence of 120 months.

Our review reveals defense counsel thoroughly considered all plausible bases for appeal and set forth in the *Anders* brief why such issues were legally frivolous. Defense counsel examined at length the guilty plea colloquy transcript, the sentencing transcript,

_____

[1]Esquivel-Corona's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as court-appointed counsel. Esquivel-Corona filed a pro se brief with this Court on November 1, 2006.

the Presentence Investigative Reports, and other documents. Defense counsel discussed with Esquivel-Corona the proposed plea agreement, as well as his right to a jury trial, the risks associated with trial and pleading open, and the advisory nature of the sentencing guidelines. The guilty plea colloquy reveals that Esquivel-Corona entered his plea knowingly, intelligently, and voluntarily, and specifically understood the consequences of an open plea of guilty. Based on our own examination of the record, we conclude that counsel satisfied the requirements of Third Circuit Local Appellate Rule 109.2(a) under *Anders*.

As noted, Esquivel-Corona also submitted a brief. He raised three issues: 1) violation of the Confrontation Clause in relying on a co-conspirator's out-of-court admission, 2) improper application of 18 U.S.C. § 924(c) because he never possessed or carried the firearms used in the drug transaction, and 3) a defective plea (unknowing and involuntary) because he did not personally carry or use firearms during the drug transaction.

Esquivel-Corona cites *Crawford v. Washington*, 541 U.S. 36 (2004), to support his contention that the District Court violated his Confrontation Clause rights in relying on the out-of-court admissions of a co-conspirator during sentencing. But *Crawford* involved only trial testimony and does not extend to sentencing hearings. A trial judge may consider hearsay testimony at a sentencing hearing. Furthermore, Esquivel-Corona pled guilty. The District Court relied on defendant's admissions, not those of his co-conspirator.

3

Esquivel-Corona also asserts the inapplicability of § 924(c) because he never carried or possessed the weapons during the drug transaction. But during his plea, Esqiuvel-Corona agreed it was foreseeable that someone would bring a gun to the transaction given the quantity of money and drugs involved and agreed firearms were present during the transaction. Although Esquivel-Corona may not have personally handled the guns, a conviction under § 924(c) was proper where firearms were present and were reasonably foreseeable. Moreover, the presence of the firearms was attributable to Esquivel-Corona as an act completed by a co-conspirator in the furtherance of the conspiracy. *Pinkerton v. United States*, 328 U.S. 640 (1946).

Turning to the third issue, his attorney, as well as the court, explained the rights and risks of pleading open to the court, to which Esquivel-Corona repeatedly replied he understood. The court asked Esquivel-Corona if guns were present at the drug transaction. He agreed this was so. The court asked if he agreed it was reasonably foreseeable guns would be present at the transaction given the quantity of drugs involved. Again, Esquivel-Corona assented. His plea was knowing and voluntary.

Accordingly, there are no non-frivolous arguments raised in this appeal.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court. Defense counsel's motion to withdraw is granted.